**Eulogio ALVARADO–SALAZAR, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

No. 04–72218.

United States Court of Appeals, Ninth Circuit.

Submitted July 11, 2005.**

Decided July 13, 2005.

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Patrick O. Cantor, Esq., Buttar & Cantor, LLP, Seattle, WA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, WWS–District Counsel, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, Paul Fiorino, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, RAWLINSON and BYBEE, Circuit Judges.

## MEMORANDUM ***

Eulogio Alvarado–Salazar, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from an immigration judge's decision finding him removable for marriage fraud and denying his application for cancellation of removal.

*** This disposition is not appropriate for publication and may not be cited to or by the

We have partial jurisdiction under 8 U.S.C. § 1252. We review de novo due process claims. *Barron v. Ashcroft,* 358 F.3d 674, 677 (9th Cir.2004). We review for substantial evidence the finding that the government established marriage fraud by clear and convincing evidence. *Nakamoto v. Ashcroft,* 363 F.3d 874, 882 (9th Cir.2004). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the finding that the government met its burden to show by clear and convincing evidence that Alvarado–Salazar committed marriage fraud. *See Nakamoto,* 363 F.3d at 882. Although Alvarado–Salazar testified that he married for love, his former wife testified that he paid her to marry him and that the couple never lived together. The BIA credited the former wife's testimony in concluding that Alvarado–Salazar entered the marriage for fraudulent purposes, and we cannot say that the record compels a different conclusion. *See id.* at 882–83.

We lack jurisdiction to review the BIA's discretionary determination that Alvarado–Salazar failed to establish the hardship required for cancellation of removal. *See* 8 U.S.C. § 1252(a)(2)(B); *Romero–Torres v. Ashcroft,* 327 F.3d 887, 892 (9th Cir.2003). Moreover, Alvarado–Salazar's due process claim fails because the BIA properly considered the hardship evidence presented. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (petitioner must show error to prevail on due process claim).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

courts of this circuit except as provided by Ninth Circuit Rule 36–3.